IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ACE WEST, Individually and on**                                                                 **PLAINTIFF**
**behalf of all Others Similarly Situated**

vs.                                             No. 5:19-cv-556

**ZEDRIC'S LLC and ZACHARY LUTTON**                          **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Ace West, individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Zedric's LLC and Zachary Lutton (collectively "Defendants"), and in support thereof, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Ace West ("Plaintiff"), both individually and on behalf of all other salaried cooks employed by Defendants at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other salaried cooks lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

4. Plaintiff and the members of the proposed class were misclassified by Defendants as salaried/exempt.

## II.   JURISDICTION AND VENUE

5. The U.S. District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to the overtime violations reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

10. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III.   THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Bexar County.

13. Plaintiff was employed by Defendants as a cook from approximately June of 2017 until May 22, 2019, when he was terminated.

14. Within the relevant time period, Plaintiff was classified by Defendants as non-exempt and paid hourly and later as exempt from overtime wages and paid a salary.

15. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

16. Defendant Zedric's LLC ("Defendant Zedric's"), is a domestic limited liability company, created and existing under and by virtue of the laws of the State of Texas.

17. Defendant Zedric's is a commercial meal preparation company that offers storefront locations, subscriptions, and delivery of freshly-prepared meals in the San Antonio area.

18. Defendants operate multiple business locations in San Antonio under the name Zedric's.

19. Defendants maintain a business website at the following address: https://zedrics.com.

20. Defendant Zedric's principal address is 9873 IH 10 West, San Antonio, Texas 78230.

21. Defendant Zedric's registered agent for service of process is Zachary Lutton, 9873 IH 10 West, San Antonio, Texas 78230.

22. Defendant Zachary Lutton ("Defendant Lutton") is an individual and resident of Bexar County, and at all times relevant to this Complaint, is and has been a governing person, officer, owner, member, partner and/or shareholder of Zedric's LLC.

23. Defendant Lutton has at all times relevant hereto controlled the day-to-day operations of Zedric's LLC, such that he is liable to Plaintiff as an employer under the FLSA.

24. Defendant Lutton operates as an employer alongside Zedric's, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work and determine Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

25. Defendant Zedric's was at all times relevant hereto operated as a single joint enterprise by and with Defendant Lutton, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

26. Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff and all other employees.

27. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employers through unified management.

28. As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants operated as a single enterprise.

29. Defendants were at all times relevant hereto Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA.

30.     Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

31.     Defendants were an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

32.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as salaried cooks who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

33.     In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

34.     The collective Plaintiff seeks to represent is defined as follows:

**All salaried cooks employed within the past three years.**

35.     This group includes, but is not necessarily limited to, salaried cooks employed by Defendants in Texas. Defendants failed to pay these workers at the proper overtime rate for hours worked in excess of 40 per workweek. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

36. Plaintiff is unable to state the exact number of the class but believes that the class exceeds five (5) persons. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees.

37. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

38. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phones as soon as possible.

39. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant, which violated the FLSA, including:

   A. Defendants' uniform misclassification of them as exempt employees under the FLSA; and

   B. Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

40. Plaintiff alleges that Defendants failed to paid Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendants paid Plaintiff and members of the class a salary with no overtime premium.

41. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

42. Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

## V.   FACTUAL ALLEGATIONS

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

44. Within the relevant time period, Plaintiff worked for Defendants as a cook.

45. When Plaintiff first began working for Defendants, he was classified as a non-exempt hourly employee. At some point during his tenure, Defendants changed his employment status to exempt and salaried.

46. As an hourly cook, Plaintiff recorded his work time by clocking in and out on a time clock.

47. As a salaried cook, Plaintiff did not record his time, but was expected to work fifty (50) hours a week.

48. Within the time period relevant to this case, Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure.

49. On average, Plaintiff and other similarly-situated salaried employees worked over forty (40) hours per week. They did not receive any overtime compensation.

50. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were misclassified as exempt and paid a salary.

51. Plaintiff and other similarly-situated employees never agreed that their salary would be sufficient to cover all hours worked.

52. Plaintiff spoke with management about the change in his employment status from hourly to salary and his displeasure at being expected to work fifty (50) hours a week once he was put on salary.

53. Upon commencement of work for Defendants, Plaintiff and other similarly-situated employees did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

54. In performing their services for Defendants, Plaintiff and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

55. Plaintiff and other similarly-situated cooks were classic kitchen workers, spending all of each shift working in a kitchen routinely preparing food and cleaning.

56. Plaintiff and other similarly-situated cooks used pre-approved recipes and pre-set portion sizes to prepare standardized meals for Defendants' customers.

57. During the course of their employment, Plaintiff and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

58. Plaintiff and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiff and other similarly-situated employees had no ability to hire and fire any employee.

59. Plaintiff and other similarly-situated employees did not have any control of or authority over any employee's rate of pay or working hours.

60. Plaintiff and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

61. Similarly, Plaintiff and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

62. Defendants did not pay Plaintiff and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

63. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other salaried cooks violated the FLSA.

64. Plaintiff and other cooks for Defendants routinely used pots, pans, kitchen utensils, appliances, and food, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

65. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

66. 29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

67. Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

68. Defendants deprived Plaintiff of overtime compensation for all of his hours worked over forty (40) per week in violation of the FLSA.

69. Defendants' conduct and practice, as described above, are and have been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

72. Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

73. Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class overtime compensation for all of the hours in excess of forty (40) in each workweek.

74. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

75. Defendants' conduct and practice, as described above, are and have been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

77. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ace West, individually and on behalf of all others similarly situated, respectfully prays for relief and damages as follows:

(a) That Defendants be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem just and proper.

                         Respectfully submitted,

                         **ACE WEST, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

                         SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   */s/ Merideth Q. McEntire*
      Merideth Q. McEntire
      Tex. Bar No. 24105123
      merideth@sanfordlawfirm.com

      */s/ Josh Sanford*
      Josh Sanford
      Tex. Bar No. 24077858
      josh@sanfordlawfirm.com