IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ACE WEST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § | |
| *Plaintiff,* | § § | SA-19-CV-00556-FB |
| vs. | § § | |
| ZEDRIC'S LLC, ZACHARY LUTTON, | § § | |
| *Defendants.* | § § § | |

# REPORT AND RECOMMENDATION

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Opposed Motion for Attorney's Fees [#7]. The motion was referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Court grant the motion in part and award Plaintiff's attorney's fees in the amount of $5,912.76 and costs in the amount of $531.03.

## I. Background

Plaintiff Ace West filed this collective action on May 23, 2019 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.* to recover unpaid overtime wages while employed as a salaried cook for Defendants Zedric's, LLC and Zachary Lutton ("Defendants") [#1]. Plaintiff also sought declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees [#1]. On July 2, 2019, Defendants' counsel served Plaintiff an offer of judgment in the sum of $3,500.00, plus an award

1

of reasonable attorney's fees and costs pursuant to the FLSA as determined by the Court [#4-1]. Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment on July 9, 2019 [#4]. As stated in the Status Report filed by Plaintiff, parties were unable to reach an agreement on attorney's fees and costs [#8].

Plaintiff then filed an Unopposed Motion for Leave to file Exhibits 2-5 [#6] and filed a Motion for Attorney Fees and Costs [#7] seeking $9,495.00 in attorney's fees and $571.03 in costs. Defendants filed their Response in Opposition to the Motion for Attorney Fees and Costs on September 12, 2019 arguing that Plaintiff's requested fees are excessive and requesting that the Court reduce the hourly rates and reduce the number of hours by 60 percent [#10]. One week later, Plaintiff filed its Response in Support of its Motion for Attorney Fees and Costs [#11] with an Updated Billing Statement attached [#11-1] requesting an increase in award of attorney fees in the total amount of $11,425.00 due to Defendants' opposition which Plaintiff alleges necessitated 5.3 hours of additional work for Plaintiff's counsel. The motion was referred to the undersigned on September 4, 2019. In issuing this report and recommendation, the undersigned has reviewed Plaintiff's fee request, the parties' related filings, the affidavits and other evidence filed in support or in opposition to the fee request, the entire case file, and the governing law.

## II. Governing Law

The legal standard that governs here is undisputed and often repeated. Under the Fair Labor Standards Act, the District Court must award reasonable attorney's fees to the prevailing party. *See* 29 U.S.C. § 216(b) ("The court in [an FLSA case] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 & n.7 (5th Cir. 2006) (noting that reasonable fees should be awarded to "prevailing party" even

though the FLSA's text does not use that term). District courts use the lodestar method to calculate an appropriate fee award under the FLSA by multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work. *Saizan*, 448 F.3d at 799. A plaintiff seeking attorney's fees is "charged with the burden of showing the reasonableness of the hours billed" and also that he or she "exercised billing judgment." *Id.* "Billing judgment requires documentation "of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* The remedy for a lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Reasonable hourly rates are determined based on prevailing rates for attorneys of similar skill and experience in the relevant market. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). These rates are usually established through affidavits of other attorneys practicing in the relevant community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The Fifth Circuit has interpreted the "relevant community" to mean the city in which the district court sits. *See, e.g.*, *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (describing the relevant community as the "Dallas legal market"); *see also Gill v. Bullzeye Oilfield Services, LLC d/b/a Bullzeye Wireline*, No. 5:15-CV-1166-DAE, 2018 WL 4677902, at *2 n.1 (W.D. Tex. Jul, 19, 2018) (Chestney, J) (explaining why the relevant community is the city and not the District), *report and recommendation adopted*, 2018 WL 4770853 (W.D. Tex. Sept. 25, 2018) (Ezra, J.).

There is a strong presumption that the lodestar amount is reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Given the nature of claims under the FLSA, it is not

uncommon that fee requests exceed the amount of judgment in a case by many multiples. *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. App'x 341, 342 (5th Cir. 2007).

After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19. "[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved, and the result obtained, and the experience, reputation and ability of counsel." *Saizan*, 448 F.3d at 800, (quoting *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)). "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Id.*

## III. Analysis

Plaintiff claims that his attorneys have expended 32.7 total hours litigating this case (reduced by 3.3 hours for "billing judgment"), including this fee motion. ([#11-1] at 9.) Plaintiff's fee request is based on records that demonstrate five different attorneys worked on this case, and Plaintiff contends that the rates that he is requesting for these attorneys—which range

from $500 for the most senior attorney, Mr. Sanford, $350 for Ms. McEntire (an associate), $300 for Mr. Rauls (an associate), and $225 for Ms. Matlock and Mr. Short (both associates)—are reasonable. In total, Plaintiff requests $9,495.00 in fees and $571.03 in costs. ([#7-1] at 5, 12.) Defendant objects that neither the rates nor the hours claimed are reasonable in this case, which, although pleaded as a collective action, only involves a single plaintiff, whose wage claim was quickly resolved on the merits when he accepted an offer of judgment. The undersigned agrees. The rates claimed by Plaintiff greatly exceed rates that have been deemed reasonable in this legal community in similar cases, and the amount of time claimed is inflated due to Plaintiff's counsel's case management practices.

A.  **Reasonable Hourly Billing Rates**

Again, the rates sought by Plaintiff in this case are $500 for Mr. Sanford, $350 for Ms. McEntire, $300 for Mr. Rauls, and $225 for Ms. Matlock and Mr. Short. Judges in the San Antonio Division have, on numerous occasions, stated their approach to determining what constitutes a reasonable fee for litigating a straightforward FLSA case in San Antonio. *See, e.g.*, *Furlow, v. Bullzeye Oilfield Services, LLC*, No. 5:15-cv-1156-DAE, 2019 WL 1313470, at *3 (W.D. Tex. Jan. 3, 2019) (Bemporad, J.), *report and recommendation adopted*, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019) (Ezra, J.); *see also Gill,* 2018 WL 4677902, at *5. Thus, in accordance with this approach, the undersigned considers the median rates for labor and employment attorneys in San Antonio, the specific qualifications of Mr. Sandford and his associates, and the relative (non)complexity of this case.

As the Court has explained on multiple occasions, the State Bar of Texas periodically produces a report, titled Attorney Hourly Fact Sheet ("Rate Report"), which details the median hourly rates for Texas attorneys, broken down by city, specialty, firm size, and years of

5

practice, among others. The current version of the Rate Report is for the year 2015, which lists a median rate of $258 for labor and employment attorneys practicing in the San Antonio area. *See* State Bar of Texas, 2015 Attorney Hourly Fact Sheet, available at: https://www.texasbar.com/AM/Template.cfm?Section=Archives (last visited December 3, 2019). "Judges in the San Antonio Division regularly take judicial notice of the Rate Report." *Rodriguez v. Mech. Tech. Servs., Inc.*, No. 1:12-CV-710-DAE, 2015 WL 8362931, at *6 (W.D. Tex. Dec. 8, 2015) (collecting cases). These median rates are the starting point for evaluating the reasonableness of a requested rate but must be adjusted to account for other factors, including the nature and complexity of the litigation, the billing attorneys' specific credentials, and the size of the billing attorneys' firm. *See Furlow*, 2019 WL 1313470, at *3. Plaintiff, as the party seeking attorney's fees, bears the burden of establishing the reasonableness of the amounts claimed. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

  i. <u>Mr. Sanford</u>

In this case, the undersigned is not starting from scratch. The Court has recently evaluated what constitutes a reasonable rate for Mr. Sanford and associates at his firm. *See Furlow*, 2019 WL 1313470, at *4. Mr. Sanford was plaintiffs' counsel in the *Furlow* case, an FLSA case that involved two named plaintiffs and five opt-ins, which settled after two years of litigation. The Court held that "nothing in the record suggests this case is of such complexity that an upward adjustment of nearly double the median rate for labor and employment attorneys in the San Antonio area." *Id*. This statement is even more true in this case, which settled within two months of being filed—on an offer of judgment without any motion practice (except the fee motion). In *Furlow*, after detailing Mr. Sanford's credentials, and noting the evidence he submitted explaining his credentials (similar to the affidavit evidence he submitted in this case),

the Court ultimately concluded that $325 is a reasonable rate. *See id*. And yet, Mr. Sanford, just months after this decision, has again requested a $500 rate in a simple FLSA case in San Antonio. Having considered the evidence Mr. Sandford has submitted in this case regarding his credentials, the non-complexity of this case, and the analysis of the San Antonio market as described in detail in the *Furlow* case and summarized above, the undersigned concurs that $325 is a reasonable rate for Mr. Sanford.

In support of the request for a $500 per hour rate, Mr. Sanford declares that he is aware of customary rates for attorneys practicing labor and employment law within the San Antonio area, and that he gained such knowledge through his own practice. ([#7-1] at 5.) He points to one case where he was awarded this higher rate: *Moore v. Performance Pressure Pumping Services, LLC, and Epic Wireline Services, LLC*, No. 5:15-cv-432-RC (W.D. Tex. Aug. 14, 2019). He argues this is evidence that the San Antonio market rates have increased. The undersigned disagrees. In *Moore*, the defendant did not oppose plaintiff's motion for fees or the rate that he claimed. Thus, Judge Lamberth granted the unopposed motion and signed the proposed order submitted with the motion. Nothing in the order indicates Judge Lamberth concluded there has been a drastic upward shift in the rates charged by labor and employment lawyers in San Antonio.

Plaintiff cites one other employment case in the Western District of Texas from August of this year where the attorneys were awarded fee rates up to $585: *Johnson v. Sw. Research Inst.*, No. 5:15-cv-297 (W.D. Tex. Aug. 23, 2019). Judge Lambert's opinion in that case, however, made clear that his decision was based on the complexity of the Title VII sex discrimination claims in that case and on the plaintiff's attorneys' skill and expertise in leading the jurors to a unanimous verdict. *Id.*, ECF No. 176 at 16.

7

Thus, as the Court did in the *Furlow* case, the undersigned recommends reducing Mr. Sanford's hourly rate to $325, which is sufficiently above the median San Antonio rate to take into consideration his expertise in the practice area and over fifteen years of experience as applied in the context of this straightforward case.

ii. The Associates

Ms. McEntire and Mr. Rauls are associates who worked on this case under Mr. Stanford's supervision. Plaintiff seeks a $350 hourly rate for Ms. McEntire, who was licensed in 2007, and seeks a $300 hourly rate for Mr. Rauls, who was licensed in 2011. ([#7-1] at 5-6.) These requested rates are higher than the rate found reasonable for similarly situated lawyers in *Furlow*. *Furlow*, 2019 WL 1313470, at *5. There is no indication that these associate attorneys are board-certified in labor and employment law, nor any evidence that they have any experience as lead counsel in any FLSA or other labor and employment law cases. ([#7-1] at 5-6.) Neither associate has enough years of experience to justify any upward departure from the Rate Report median hourly rate of $258 for attorneys of their respective experience in the San Antonio market. *See* Rate Report at 12. The undersigned therefore recommends the Court reduce the hourly rate of Mr. Stanford's two associates, Ms. McEntire and Mr. Rauls, to $258 per hour.

Ms. Matlock and Mr. Short are more junior associates who worked on this case under Mr. Stanford's supervision. Plaintiff's filings indicate that these junior associates were licensed in 2015. ([#7-1] at 5-6.) In *Furlow*, the court determined that Ms. Matlock's hourly rate should be $200 given that she had been licensed for less than 6 years, and this rate was in line with the Rate Report for lawyers licensed between 0 and 6 years in the San Antonio area. *Furlow*, 2019 WL 1313470, at *6; *See* Rate Report at 12. In *Gill*, this Court awarded the same rate of $200 to associate attorneys who had been in practice less than 6 years. *Gill,* 2018 WL 4677902, at *5.

In light of Ms. Matlock's and Mr. Short's relative lack of experience, the undersigned recommends $200 per hour as a reasonable rate for their time.

**B.     Number of Hours Billed**

Defendants argue that the number of hours claimed should be reduced because the billing records of Plaintiff's attorneys demonstrate multiple time entries that are excessive, duplicative, and unnecessary, contain vague descriptions, and non-compensable time such as hours spent on clerical and administrative work. The undersigned's independent review of the billing records identified several time entries that indeed are excessive, non-compensable, and/or vague that should have been deducted in further exercise of billing judgment.

    i.    <u>The Court should deduct for time entries pertaining to clerical or administrative work.</u>

"Clerical work is not recoverable in an award of attorneys' fees," even where such clerical work is performed by an attorney. *See Black v. SettlePou, P.C.*, No. *3:*10-CV-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014). "There is no precise test for determining whether a task is legal or clerical." *Malick v. NCO Fin. Servs., Inc.*, No. CIV.A. H-14-1545, 2015 WL 4078037, at *5 n.4 (S.D. Tex. July 6, 2015). Courts have found legal work may include tasks such as assisting with depositions and document production (under certain circumstances), preparing subpoenas, conducting factual investigation, and compiling data. *See id.* (collecting cases). Conversely, courts have deemed tasks non-compensable such as reviewing and calendaring deadlines; printing, copying, and filing documents; drafting cover letters; ordering transcripts; organizing and updating materials and binders; loading and organizing computer databases; redacting and assembling exhibits; and transmitting documents. *See, e.g.*, *Black*, 2014 WL 3534991, at *6; *Action Oilfield Servs., Inc. v. Mantle Oil & Gas, L.L.C.*, No. CIV.A. 13-4866, 2014 WL 2465310, at *5 (E.D. La. Jun. 2, 2014); *Fralick v.*

*Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09–CV–0752–D, 2011 WL 487754, at *8 (N.D. Tex. Feb. 11, 2011).

Defendants identify several time entries in Plaintiff's attorneys' billing records that constitute non-compensable clerical work, totaling 2.4 hours. ([#10-1] at 4.) For example, entries regarding the filing of Plaintiff's complaint, civil cover sheet and summons; opening and working on a client file; and corresponding with a process server are all clerical activities that are not recoverable as attorney's fees. (*Id.*, No. 2, 37, 60-61, and 63-66.) Additionally, the clerical tasks identified by Defendants were performed by attorneys, as opposed to paralegals, and could have been delegated to a non-professional and billed at a lesser rate. *See Beamon v. City of Ridgeland, Miss.*, 666 F. Supp. 937, 941 (S.D. Miss. 1987). A reduction in Plaintiff's counsel's billable hours for this clerical work is appropriate.

      ii.      <u>The Court should deduct for time entries that are vague and unsupported.</u>

Defendants also highlight a number of time entries that are vague, such as entries that merely state "receive, read and prepare responses to text messages from Ace West" or "telephone conference between attorney and client regarding case" without further explanation. ([#10-1] at 8.) It is the burden of the requesting party to produce supporting documentation that allows a court to verify the applicant's entitlement to a specific award. *Gagnon v. United Technisource, Inc.,* 607 F.3d 1036, 1044 (5th Cir. 2010). Courts may reduce or eliminate hours when the supporting documentation ·is too vague or incomplete to permit meaningful review. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 326 (5th Cir. 1995). Such entries may be deducted as lacking a sufficient basis for the Court to determine the number of hours reasonably expended. *Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *7 (S.D. Tex. June 25, 2013).

In this case, some of the time entries Defendants contest as vague were cut off in Plaintiff counsel's initial billing spreadsheet [#7-2]. Plaintiff submitted an updated billing spreadsheet to clarify those cut off entries and the undersigned found some of those entries are ultimately sufficient to allow meaningful review. ([#11-1] at 1 ("Telephone Conference with Ace West regarding intake call", "Telephone Conference between Attorney and Client Ace West regarding events at work".) Other entries, however, are overly vague. ([#10-1] at 8, No. 15, 24, 28, 30, and 33.) A reduction in Plaintiff counsel's billable hours for vague time entries is, therefore, appropriate, but not to the full extent that Defendants request.

    iii.    <u>The Court should deduct for time entries that are excessive or duplicative.</u>

Additionally, Defendants direct the Court to various time entries that are excessive. Courts have substantially reduced attorney's fee awards for work product that was copied or derived from prior work product in similar cases. *See Davis v. Klenk,* No.3:12-CV-115-DPM, 2012 WL 5818158, at *2 (E.D. Ark. Nov. 15, 2012) (reducing Sanford Law Firm fees as a result of charging too many hours for essentially tailoring a form); *Jones v. RK Enterprises of Blytheville, Inc.,* 3:13-CV-00252-BRW, 2016 WL 1091094, at *3 (E.D. Ark. Mar. 21, 2016) (same as above); *cf. Mark v. Sunshine Plaza, Inc.,* Civil Action No. 16-455, 2018 WL 1282414, at *7 (E.D. La. Mar. 12, 2018) (reducing time for preparing motion for award of attorney's fees from 16.21 hours to 4 hours where attorney was highly experienced in type of case at issue). Defendants argue that this case was a relatively simple FLSA dispute, and the two pleadings filed in this case are essentially "forms that Plaintiff's counsel has used in the past." ([#10] at 7.) Defendants suggest that Plaintiff's counsel billed excessive hours for drafting a complaint, fee petition, and accompanying declaration from a form they had used many times in the past. (*Id*.) The undersigned agrees that the hours billed for these tasks were

11

excessive and recommends that the billable hours be reduced for the drafting of the complaint and drafting of the fee petition. ([#7-1] at 9.)

Additionally, Defendants direct the Court to various time entries that are duplicative and redundant, such as unnecessary intraoffice conferences. ([#10-1] at 3.) Time that is duplicative or redundant should be excluded from an award of attorney's fees. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 432-34 (1983)). Hours resulting from overstaffing a case, even though actually expended, are not reasonable, and should be excluded from an award of attorney's fees. *Brown v. Sea Mar Mgmt., LLC,* No. Civ. 04-1486, 2006 WL 3328194, at *3 (W.D. La. Nov. 15, 2006). Plaintiff's counsel assigned five lawyers to work on this case at various times, and this led to inefficiencies and duplication of work. Plaintiff's counsel has been warned about this type of duplicative billing in the past. *See, e.g., Jones,* 2016 WL 1091094, at *4; *Burchell v. Green Cab Co.,* Case No. 5:15-CV-05076, 2016 WL 894825, at *3 (W.D. Ark., Mar. 8, 2016). A reduction is warranted for this reason as well.

    iv.    <u>The Court should reduce time entries for unrelated tasks.</u>

The attorney's fees should be reduced for any unproductive or unrelated hours worked, such as hours that resulted in work product that was never filed or served, and for hours spent pursuing claims that were unsuccessful. *Furlow*, 2019 WL 1313470, at *6. Time spent preparing pleadings and other documents that are never filed or used in a case should be disallowed. *Id*. (citing *Rozell v. Ross-Holst,* 576 F. Supp. 2d 527, 538-39 (S.D.N.Y. 2008)). Time spent pursuing unsuccessful claims are also non-compensable. *See Walker v. U.S. Dept. of Housing and Urban Dev.,* 99 F.3d 761, 769 (5th Cir. 1996) (party seeking fees cannot bill for time on issues on which they do not prevail and cannot have prevailed on issues they did not pursue). Defendants allege that Plaintiff's counsel charged for preparing Plaintiff's retaliation

claim and EEOC claim that were never filed or served. ([#10-1] at 2.) The undersigned agrees that reduction is warranted for work performed creating documents that were never filed or served.

Based on the foregoing, and carefully evaluating the time records, the undersigned has identified approximately 11 hours of overbilling. This accounts for approximately one third of the claimed billed time, and it should have been deducted in the exercise of billing judgment. Therefore, the undersigned recommends the Court reduce the number of hours claimed in this case by at least 30% as to each attorney. *See Ramirez v. Lewis Energy Grp, L.P.*, 197 F. Supp. 3d 952, 958 (S.D. Tex. July 20, 2016) (proper remedy for failure to exercise billing judgment is percentage reduction).

C.    **The Court should not further enhance or reduce the lodestar amount.**

Based on the recommended reductions detailed herein, the undersigned calculates the lodestar amount as $5,912.76 as detailed in the following chart:

| Attorney | Hours Claimed | Rate Requested | Total Fee Requested | Hours Approved (30% reduction) | Rate Approved | Total Fee Approved |
|---|---|---|---|---|---|---|
| **Josh Sanford** | 5.0 | $500 | $2,250.00 | 3.5 | $325 | $1137.5 |
| **Merideth McEntire** | 21 | $350 | $5,670.00 | 14.7 | $258 | $3792.6 |
| **Rebecca Matlock** | 5.0 | $225 | $1,125.00 | 3.5 | $200 | $700.00 |
| **Steve Rauls** | 1.10 | $300 | $330.00 | .77 | $258 | $198.66 |
| **Sean Short** | .60 | $225 | $135.00 | .42 | $200 | $84.00 |
| **TOTAL** | 32.7 | | $12,635.0 | 22.89 | | $5,912.76 |

The Court should not make any further enhancements or reductions of the lodestar

amount, as the *Johnson* factors addressed by Plaintiff and Defendants, such as the complexity of this case and the experience of the attorneys, have already been considered in calculating the lodestar. *See Blum*, 465 U.S. at 898 (noting that the novelty and complexity of the issues, special skill and experience of counsel, and quality of representation are generally subsumed within the lodestar calculation); *Shipes v. Trinity Indus.*, 987 F.2d 311, 321–22 (5th Cir. 1993) (noting that the skill required, special time limits imposed, and preclusion of other employment are generally included within the lodestar amount).

**D.**     **The Court should award Plaintiff his costs but sustain Defendants' objection to the process service fees.**

According to Rule 54(d) of the Federal Rules of Civil Procedure, costs shall be allowed as a matter of course to the prevailing party in a civil action. However, not all expenses incurred by a party can be reimbursed. *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581 (W.D. Tex. 2010). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *Id.* Courts may decline to award costs permitted by Section 1920, but they may not award costs that are not specifically listed in the statute. *Id.* The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

Plaintiff's Bill of Costs seeks $1.03 in Texas Secretary of State Search fees, $400.00 in

initial filing fees, and $170.00 for two private process server fees for the service of summons on the Defendant individual and company separately. ([#7-1] at 12, [#11] at 6.) Defendants object to Plaintiff's claimed process server costs because private process server fees are only recoverable as long as they do not exceed the fees charged by the United States Marshal. *Mancia v. JJ Chan Food, Inc.*, 2016 WL 4468092, at *3 (N.D. Tex. June 21, 2016); *Liberty Ins. Corp. v. Caterpillar, Inc.*, 2014 WL 4999317, at *2 (W.D. Tex. Oct. 7, 2014). This objection is valid. "Because private process server fees are not specifically enumerated in § 1920, which encompasses only fees paid to the United States Marshal for service of process, and because there was nothing exceptional about the parties or the nature of this case, the Court finds the private process server fees are not properly taxable as costs." *Honestech, Inc.*, 725 F. Supp. 2d at 585. Here, the undersigned recommends limiting Plaintiff's recoverable process server fees to the $65.00 amount that is charged by the U.S. Marshal per service. Therefore, the two process server fees should amount to $130.00, not the $170.00 that Plaintiff requests. The undersigned recommends reducing Plaintiff's requested costs in part and ordering Defendants pay a total of $531.03 in costs.

### IV. Conclusion and Recommendation

Having considered the parties' submissions on attorney's fees, the undersigned recommends that the District Court **GRANT IN PART** Plaintiff's Opposed Motion for Attorney's Fees [#7]. The District Court should award Plaintiff's attorney's fees in the amount of $5,912.76 and costs in the amount of $531.03. All other relief not expressly granted herein should be denied.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52, 106 S. Ct. 466, 472-73 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE